# IN THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| **COREY BROWNLEE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CIVIL ACTION NUMBER:** |
| ) | |
| ) | _____ |
| ) | |
| **INDEPENDENCE RECEIVABLES** ) | **JURY TRIAL DEMANDED** |
| **CORPORATION,** ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Corey Brownlee ("Brownlee") files this complaint against Independence Receivables Corporation ("IRC"), for violation of the Fair Debt Collection Practices Act and for malicious prosecution. In support thereof, Brownlee alleges as follows:

### THE PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Brownlee is a natural person residing in Jefferson County, Alabama.

2. Defendant Independence Receivables Corporation ("IRC") is a Maryland corporation with its principal place of business at 700 King Farm Blvd., Suite 506, Rockville, Maryland 20850.

3. This Court has subject matter jurisdiction over this case under 28 U.S.C. §1331 because it arises under a federal statute, 15 U.S.C. §1692k. The Court has supplemental jurisdiction over Brownlee's state law claims pursuant to 28 U.S.C. §1367(a).

4. This Court has personal jurisdiction over Defendant IRC because the events that are the basis of this lawsuit occurred in Alabama.

5. Venue is proper in this District under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTUAL ALLEGATIONS

6. Brownlee is a "consumer" within the meaning of that term under 15 U.S.C. §1692a(3).

7. IRC is a "debt collector" within the meaning of that term under 15 U.S.C. §1692a(6). IRC is engaged in the business of collecting debts incurred, or alleged to be incurred, for personal, family or household purposes.

8. In or about 2008, IRC filed suit against Brownlee in the small claims court of Jefferson County, Alabama. IRC claimed that Brownlee owed it $2,057.20 based on an alleged debt it purchased from an unidentified creditor. In addition, it requested interest against Brownlee based upon Alabama's prejudgment interest statute.

9. In March of 2008, IRC filed paperwork with the Court claiming to have served its lawsuit on Brownlee and purported to take a default judgment against him.

10. IRC's service was defective. IRC's process server had delivered the summons and complaint to the wrong address. As a consequence, Brownlee was never served with the suit.

11. At the time it filed suit against him and at all times subsequent, IRC was not qualified to do business in Alabama. Accordingly, it was not entitled to bring its suit against him in the courts of Alabama.

12. On or about May 20, 2015, IRC filed a request to garnish Brownlee's wages from his employer pursuant to its 2008 default judgment. At this time, Brownlee learned of IRC's collection suit against him for the first time.

13. Subsequently, Brownlee requested that IRC's attorney, acting as its agent, provide him with validation of the debt that IRC was purporting to collect, including the name of the original creditor to whom the debt was allegedly owed.

14. IRC failed and was unable to provide him with that information as required by law. It refused, however, to drop its lawsuit against him.

15. As a result, Brownlee was forced to hire legal counsel to defend him against IRC's suit.

16. Subsequently, the default judgment against Brownlee was set aside for lack of service. IRC then quickly dismissed its lawsuit against Brownlee with prejudice. Its counsel acknowledged that IRC had no documentation to support its claim against Brownlee, IRC knew that it could not obtain such evidence, and it had no intent to prosecute its claim against Brownlee.

17. IRC failed to validate the debt as required by law.

18. IRC threatened to take a legal action that could not be taken.

19. IRC commenced its suit without an intent to prosecute its claims.

20. On information and belief, IRC attempted to collect on a debt that was either barred by the statute of limitations or was not owed.

21. Brownlee has been damaged as a result of IRC's wrongful acts and omissions described above. Those damages include, but are not limited to, the invasion and interference with Brownlee's right to be free from abusive debt collection practices, causing Brownlee anger, anxiety, fear, and other mental anguish, and various costs and expenses incurred as a result of or in response to the IRC's wrongful acts, including costs he incurred to hire an attorney to defend him against IRC's claims.

22. At all times pertinent to the allegations of this Complaint, IRC acted by and through its duly authorized agents, employers, servants, attorneys, or other legal representatives, all of whom acted within the line and scope of such agency,

employment, service, or representative capacity. Alternatively, IRC adopted, affirmed, and /or ratified the acts or omissions of their agents, servants, employees, attorneys, or legal representatives as its own with regard to the allegations of this complaint.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *ET SEQ*.

23. IRC, through its agents, failed to validate the debt within five (5) days of its initial communication with Brownlee, including providing him with the name of the creditor whose debt it was seeking to collect.

24. IRC's conduct as described above violated the applicable provisions of the Fair Debt Collection Practices Act, including 15 U.S.C. §1692g.

25. IRC used false, deceptive, and misleading representations in an attempt to collect purported debts from Brownlee. Those misrepresentations include, but are not limited to: (1) that Brownlee owed a debt to IRC or owed a debt in the amount claimed, (2) that Brownlee's alleged debt to IRC was legally enforceable despite the fact IRC was not qualified to do business in Alabama, (3) that Brownlee's debt was legally enforceable despite the fact IRC's claim was time-barred, (4) that IRC intended to pursue legal action against Brownlee, and/or (5) that IRC had or could obtain evidence that Brownlee owed the debt.

26. On information and belief, IRC has a pattern and practice of filing such suits on time-barred debt, with no intention of proving its claims, based on its knowledge and belief that the majority of people it sues will simply settle its claims, regardless of their merit, or will default.

27. IRC's conduct identified above violated the applicable provisions of the FDCPA, including 15 U.S.C. §1692e.

28. IRC used unfair and/or unconscionable means in an attempt to collect the alleged debt from Brownlee. IRC's unfair and/or unconscionable means include, but are not limited to: (1) filing suit against Brownlee even though it had no documents or information to substantiate the alleged debt and could not identify the origin or original creditor for Brownlee's alleged debt, (2) filing suit against Brownlee even though it was not qualified to do business in Alabama and therefore was not entitled to enforce its contracts under Alabama law, (3) filing suit on a time-barred debt, and (4) filing suit against Brownlee on a claim that it knew it had no intent to prove at trial.

29. On information and belief, IRC has a pattern and practice of filing such suits, with no intention of proving its claims, based on its knowledge and belief that the majority of people it sues will simply settle its claims, regardless of their merit, or will default.

30. IRC's conduct identified above violated the applicable provisions of the FDCPA, including 15 U.S.C. §1692f.

31. IRC's violations detailed above were done intentionally and with knowledge.

32. As a result of IRC's violations of the FDCPA, Brownlee has been damaged. Brownlee is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fee pursuant to the relevant provisions of the FDCPA.

## SECOND CAUSE OF ACTION

## MALICIOUS PROSECUTION

33. IRC filed its action against Brownlee without probable cause.

34. IRC filed its claims willfully, wantonly, and out of malice. IRC knew that (1) it was so uninformed concerning even the most rudimentary facts of its purported claim against Brownlee that it could not even identify the alleged original creditor on the account, (2) it had no intention of procuring such evidence, and (3) it would not be able to procure such evidence if the cases went to trial. Instead, it intended to use the threat of legal action to extort payments from Brownlee.

35. IRC dismissed its claims with prejudice rather than try its purported claims because it knew it could not prove those claims.

36. Brownlee suffered damages as a result of IRC's actions, including, but not limited to, out-of-pocket costs, mental anguish, anger, anxiety, and fear.

WHEREFORE, Brownlee demands judgment against IRC awarding the following relief:

A. Actual, compensatory and consequential damages, including mental anguish damages, in such an amount as the trier of fact determines;

B. Statutory damages pursuant to 15 U.S.C. §1692 *et seq.*;

C. Punitive damages in such amount as the trier of fact determines;

D. Such interest as allowed by law;

E. The costs of this suit, including plaintiff's reasonable attorney's fee; and,

F. Such additional relief as the Court deems just and equitable.

Respectfully submitted,

*/s/ Matt Carroll*
One of the Attorneys for Plaintiff,
Corey Brownlee

**OF COUNSEL:**

F. Inge Johnstone
Matt Carroll
JOHNSTONE CARROLL LLC
One Independence Plaza Drive, Suite 520
Homewood, Alabama 35209
Telephone:  205-383-1372

## JURY DEMAND

PLAINTIFF DEMANDS TRIAL BY STRUCK JURY FOR ALL CLAIMS SO TRIABLE.

> */s/ Matt Carroll*
> One of the Attorneys for Plaintiff,
> Corey Brownlee